The opinion of the court was delivered by
Marr, J.
William R. Mills obtained an order for a suspensive appeal from an order of seizure and sale ; and he gave the usual bond, in the sum of $9000, with N. H. Rightor as surety for $4000, and D. W. Eames and Joshua G-. Baker as sureties, each for $2500. Plaintiff moved to set aside the appeal, on the ground that the sureties were insufficient. Pending this motion, on the 4th May, 1874, the transcript was filed in this court, and on the 4th June the district court dismissed the appeal. Mills applied for a prohibition to prevent the execution of the writ of seizure and sale. The usual rule nisi was granted; but it seems not to have been passed upon. The appeal was heard and determined ; and a final decree was rendered by this court on the 30th November, 1874, affirming the order of seizure and sale.
After the decree of affirmance was rendered the sheriff re-advertised the mortgaged property; and on the 6th of February, 1875, part of it, two lots and the buildings and improvements in the Sixth District, was sold for $2000, cash, of which $614 43 were applied to a prior mortgage, *1346 §479 78 to the costs, and §895 55 to taxes due, aggregating the sum of §1989 76, and leaving §10 24 to be applied to the mortgage debt, which amounted, up to the day of sale, to §6077 24. The other property mortgaged, a lot with buildings and improvements in the Second District, was not sold, for want of bidders. On the 27th February this property was offered on twelve-months credit, and was not sold, for want of bidders, on account of the prior mortgages exceeding its value; and the-writ was returned by order of plaintiff’s attorney on the 24th of August, 1876.
A rule was then taken on the sureties in the appeal bond, to make them liable for the balance of the mortgage debt, §6067. The sureties answered that they were not liable, because the order granting the appeal had been rescinded, the bond avoided, and the sureties discharged; that the order of seizure and sale had been satisfied by the sale of the mortgaged property; and that there was no personal judgment against Mills.
The district court discharged the rule on the ground that where the appeal was set aside because of the insolvency of the sureties there was no longer an appeal bond, there were no sureties, there was no appeal; and that the judgment setting aside the appeal and releasing the sureties stands unreversed and is; forever final.
If it had been properly brought to the notice of this court that the order of appeal had been set aside by the district court because of the insolvency of the sureties, no doubt the appeal would have been dismissed. If the appellee had directed the attention of the court to the fact that he was arrested by the application for a writ of prohibition in the exercise of his right to enforce the order of seizure and sale, after the order of appeal had been set aside, no.doubt the court would have passed upon the application, and would have dismissed it, and refused to hear the appeal, if the district court correctly decided that the bond was insufficient.
We are not prepared to say that if the appellee fails to have the appeal dismissed in this court, after the order of appeal has been set aside in the district court, and permits the further action of the district court to be suspended by the application for a prohibition, the jurisdiction of this court would be divested, and that its final action and decree on the appeal would be a nullity. The appeal bond is for the benefit of the appellee ; and if he fails to bring to the notice of the court the fact that he is not secured by such a bond as he has the right to require, it does not follow that the court may not validly pass upon the appeal on the merits.
But it is clear that if the appellee procure the judgment of the district court setting aside the appeal for want of a sufficient bond, he has *1347 no claim on the sureties, whom he has thus formally refused to accept. It is obvious that the right of the plaintiff to proceed, after the district court has set aside the order of appeal for insolvency of the sureties, is no longer suspended by the appeal; and if he is delayed until the final hearing of the appeal, it must be because of some other act on the part of the appellant, or some omission on the part of the appellee, for which the rejected and released sureties in the appeal bond are not answerable.
The judgment appealed from is, therefore, affirmed with costs.
Rehearing refused.